955 F.2d 48
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles W. ANSHEN, Defendant-Appellant.
 No. 90-50682.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 6, 1992.
Decided Feb. 20, 1992.
 
 Before POOLE, WIGGINS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Charles W. Anshen appeals from a judgment convicting him of four counts of filing a false income tax return in violation of 26 U.S.C. § 7206(1) and one count of filing a false report of foreign bank accounts and financial accounts in violation of 31 U.S.C. § 5322(b). Anshen claims his attorney, Lee Grant, gave him ineffective assistance in that: (1) he failed to produce evidence to support a defense he promised the jury in his opening statement; (2) he waived the only other defense available; and (3) he had a hearing problem. Anshen claims that he was prejudiced.
 
 
 3
 To prevail on claims of ineffective assistance, the defendant must demonstrate that: (1) counsel acted outside the wide range of professionally competent assistance and (2) counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-690 (1984).
 
 
 4
 Whether There Was A Promise In The Opening Statement
 
 
 5
 Anshen claims that Grant "promised the jury that the Defense's expert and the expert of the government, would prove to the jury that there were no understatements of income or omissions in Mr. Anshen's tax returns." We disagree that there was such a promise. Statements that tax laws are complex, that experts may help to understand it, and that the government "may not have done its homework" do not promise the jury that there were no problems with Anshen's returns.
 
 
 6
 Whether Grant Waived The Only Other Available Defense
 
 
 7
 Anshen quotes a single sentence of the opening statement to claim that Grant foreclosed the only other defense, that of mistake, that Anshen had available. This argument lacks merit. When the sentence is placed in context, its thrust is that Anshen relied on his accountant. In other places in the opening statement, Grant alludes to the defense of mistake or inadvertence. Grant repeatedly emphasized how confusing and complex the tax laws were to reinforce the idea that Anshen could have made innocent mistakes.
 
 
 8
 Whether Counsel's Hearing Problem Rendered Him Ineffective
 
 
 9
 Anshen argues that Grant's hearing problem was so substantial as to render him "partially absent" from the proceedings. Anshen therefore argues that he was constructively denied the assistance of counsel and that prejudice should be presumed.
 
 
 10
 Even though the proof offered did not conform to the evidence, the record does not bear out Anshen's contention. Grant was Anshen's retained counsel. Moreover, the court allowed plenty of time and otherwise went out of its way to accomodate counsel's hearing. The trial court correctly observed that cross-examination indicated that Grant was "certainly well aware as to what the witnesses had said." The record does not reflect an unduly severe problem as a result of the hearing loss.
 
 
 11
 We decline to presume prejudice under these circumstances. See Smith v. Ylst, 826 F.2d 872, 875 (9th Cir.1987), cert. denied, 488 U.S. 829 (1988) (holding that a counsel's mental condition cannot be presumed to be prejudicial "unless the condition manifests itself in courtroom behavior.").
 
 Whether Prejudice Has Been Demonstrated
 
 12
 By his own admission, Anshen has failed to show how he was prejudiced by counsel's ineffective assistance based on the asserted hearing problem. There is no reason "to depart from the traditional rule that a defendant must point to specific errors or omissions which prejudiced his defense, because if a ... defect indeed has some impact on the attorney's professional judgment it should be manifested in his courtroom behavior and conduct of the trial." Id. at 876.
 
 
 13
 We AFFIRM the district court's denial of the motions for a mistrial and for a new trial.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3